UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY          :
COMMISSION,                            :          Civil Action No.
                          Plaintiff,   :
          v.                           :
                                       :          COMPLAINT AND
PJP HEALTH AGENCY, INC./               :          JURY DEMAND
HEALTH & LIFE DIRECT AGENCY, INC./     :
HEALTH & LIFE DIRECT, INC./            :
PHILIP TESEO, SR./ PHILIP TESEO        :
SENIOR INSURANCE,                      :
                          Defendant.   :
-------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties Doreen Moore and James Massimino, and to Gregory Winfield (collectively "claimants"). As set forth with greater specificity below, the United States Equal Employment Opportunity Commission alleges that PJP Health Agency, Inc./ Health & Life Direct Agency, Inc./ Health & Life Direct, Inc./ Philip Teseo, Sr. /Philip Teseo Senior Insurance ("Defendant") discriminated against claimants based on their age, including subjecting each of them to a hostile work environment, failing to promote Moore, terminating Massimino and Winfield because of their age, 57 and 61, respectively, and terminating Moore, age 45, in retaliation for filing an internal age discrimination complaint.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant, formerly registered with the New York Secretary of State under both the names Health & Life Direct Agency, Inc. and Health and Life Direct, Inc. and currently registered as PJP Health Agency, Inc. and identifying itself as "Philip Teseo, Sr." and "Philip Teseo Senior Insurance," has continuously been doing business in the State of New York in Garden City, Melville and Lake Success, and has continuously had at least 20 employees. At all relevant times, Defendant has been managed by Philip Teseo's two sons, Joseph Teseo and Philip Teseo, Junior.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.    Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.    Since at least July 2007, Defendant has engaged in unlawful employment practices at its Melville and Lake Success, New York offices, in violation of Section 4 of the ADEA, 29 U.S.C. § 623.  The unlawful practices have included, but are not limited to, the following:

    a.   Doreen Moore was hired by Defendant in July 2007 when she was 43 years old to work in its Melville administrative unit, which provides support for its sales agents. Defendant's Operations Manager made frequent derogatory age-based comments in Moore's presence including, for example: "I can't work with you older people," "Get it together you fucking old people" and that she was "intimidated by older people." On multiple occasions, Defendant's Operations Manager yelled at Moore in front of other employees and otherwise treated her in a less favorable manner than younger individuals.

    b.   Moore's direct supervisor made repeated offensive remarks to Moore because of her age including, for example, "You can't wear that, you're too old for that" and "You need more make-up because of your wrinkles."

    c.   Moore complained about the discriminatory treatment several times to Defendant's upper management including to Joseph Teseo, Sr., Philip Teseo, Joseph Teseo, Jr. and to one of Defendant's Compliance Managers, but Defendant took no effective action to remedy the harassment.

    d.   In her work with Defendant's administrative unit between July 2007 and July 2008, Moore assisted her supervisor with managerial duties.  In July 2008,

Defendant promoted an employee in her twenties to that role instead of Moore despite that Moore had her insurance sales license and at least 15 more years of relevant experience. At that time, Moore was 44 years old.

e. In July 2009, Moore's supervisor resigned and Moore took over most of her supervisor's job duties for about three months. Nonetheless, on or about October 30, 2009, Defendant promoted an employee in her twenties to the management position instead of Moore despite that the younger employee had no experience in the insurance field and had only previously worked as a waitress and as a secretary. At that time, Moore was 45 years old.

f. On or about October 30, 2009, Moore submitted a formal complaint to Defendant, which detailed age-related remarks and her concern that she was bypassed for a promotion in favor of the younger and less experienced employee referenced in paragraph 7e.

g. On December 8, 2009, Defendant's attorney met with Moore concerning her complaint.

h. Three days later, on December 11, 2009, Moore was terminated in retaliation for making the above-referenced complaint of age discrimination.

i. In July 2006, James Massimino, age 53, was hired by Defendant as a Sales Agent. Four months later he was transferred to the administrative unit and in July 2007 he was promoted to the position of the Lake Success Office Manager. As Office Manager, Massimino was directly supervised by Defendant's Operations Manager, with whom he spoke by phone several times each week and whom he saw when she made monthly office visits to his location. Defendant's Operations Manager made frequent, age-based

derogatory comments to Massimino during her visits, such as "Look at that old fuck" and asking him if he was getting too old to complete his duties.

j.   Joseph Teseo repeatedly referred to Massimino as "you old fuck." On one occasion, Massimino's teenage son met him at work and Joseph Teseo asked Massimino's son if Massimino was his father or his grandfather.

k.   Defendant terminated Massimino on August 16, 2010 because of his age, 57, and replaced him with an employee in her thirties.

l.   In November 2007, Defendant hired Gregory Winfield, age 59, an as Assistant Clerk at the Lake Success office, reporting to Massimino. Defendant's Operations Manager made derogatory age-based comments about Winfield to Massimino, who shared them with Winfield. For example, Defendant's Operations Manager stated to Massimino that Winfield "was getting too old" to do his job. Another time she said concerning Massimino and Winfield, "if I had my own way older people wouldn't work in administration."

m.   Massimino also told Winfield about the on-going age-based harassment to which he had been subjected by Defendant's Operations Manager.

n.   Winfield heard Joseph Teseo refer to Massimino as "you old fuck."

o.   Defendant terminated Winfield in December 2009 because of his age, 61. Defendant's Operations Manager instructed Massimino to fire Winfield over Massimino's opposition. Defendant assigned an employee in her early thirties to the Lake Success office once a week to do some of the work that had been formerly handled by Winfield.

8.    The hostile work environment based on age to which claimants were subjected was perpetrated by Defendant's employees with supervisory authority, and occurred on a frequent and routine basis over a substantial period of time.

9.    Defendant knew or should have known of the hostile work environment because of its frequent and notorious nature and because claimants complained about it.

10.   Defendant failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

11.   The effect of the practices complained of in paragraphs 7 through 10 above has been to deprive claimants of equal employment opportunities and otherwise adversely affect their status as employees, because of their age.

12.   The unlawful employment practices complained of in paragraph 7h above were willful and with reckless disregard for the federally protected rights of Moore, within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees age 40 and over on the basis of age, and from engaging in any other employment practice that discriminates on the basis of age against individuals 40 years of age and older;

B.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against any individual for asserting his or her rights under federal employment law or otherwise

engaging in protected activity, and from retaliating against any individual who has complained of discrimination, opposed discrimination, filed a charge of discrimination, or given testimony or assistance concerning the investigation or litigation of the relevant EEOC charges or this action;

C.   Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

D.   Grant a judgment requiring Defendant to pay appropriate back wages and other monetary losses to claimants in an amount to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, as a result of Defendant's acts complained of above;

E.   Order Defendant to provide compensatory damages to Moore for non-pecuniary losses, including pain, suffering, and humiliation resulting from Defendant's retaliatory conduct, in amounts to be determined at trial;

F.   Order Defendant to pay punitive damages to Moore for Defendant's reckless disregard or indifference to Moore's protected rights through its retaliatory conduct, in amounts to be determined at trial;

G.   Grant such further relief as the Court deems necessary and proper in the public interest;

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 18, 2013

.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

.

Gwendolyn Young Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street NE
Washington, D.C. 20507

.

s/ Elizabeth Grossman
Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

.

s/ Raechel L. Adams
Raechel L. Adams
Supervisory Trial Attorney
raechel.adams@eeoc.gov

.

s/ Sunu P. Chandy
Sunu P. Chandy
Senior Trial Attorney
sunu.chandy@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3706