P/F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EQUAL EMPLOYMENT OPPORTUNITY**          :
**COMMISSION,**                          :
                                         :
                              **Plaintiff,**   :
                                         :
              **v.**                     :
                                         :
**PJP HEALTH AGENCY, INC./**             :
**HEALTH & LIFE DIRECT AGENCY, INC./**   :
**HEALTH & LIFE DIRECT, INC./**          :
**PHILIP TESEO, SR./ PHILIP TESEO**      :
**SENIOR INSURANCE,**                    :
                              **Defendant.**   :
-------------------------------------------------------------x

Civil Action No:
2:13-cv-4092 (SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 2 4 2014   ★

LONG ISLAND OFFICE

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission, an agency of the United States of
America ("EEOC"), and Defendant PJP Health Agency, Inc., et al. ("Defendant") have agreed to
resolve this action by the terms of this Consent Decree as set forth below.

On July 18, 2013, EEOC brought this action under the provisions of the Age
Discrimination in Employment Act of 1967, alleging unlawful employment practices on the
basis of age (harassment, failure to promote and termination) and retaliation for opposing age
discrimination and to provide appropriate relief to claimants Doreen Moore (age 45), James
Massimo (age 57), and Gregory Winfield (age 61) (ages listed are upon termination, collectively
referred to as "Claimants"). This Consent Decree does not constitute an admission of any
wrongdoing by Defendant.

EEOC and Defendant stipulate and consent to the entry of this Decree as final and
binding between the parties and its successors, assigns, subsidiaries, affiliates, and any other
corporation or other entity into which Defendant may merge or with which Defendant may

consolidate. Defendant shall provide notice and a copy of this Decree to any successors, assigns,

subsidiaries, affiliates, and any other corporation or other entity into which Defendant may

merge or with which it may consolidate. Defendant will advise EEOC if it or Key 2 Health

Agency, Inc. is planning to be acquired or to merge or consolidate or will be sold to any other

entity, or if it is shutting down its operations or filing bankruptcy at least 10 business days before

any such change.

This Decree resolves all matters raised in EEOC's Complaint filed in this action. This

Decree in no way affects EEOC's rights to process any further charges that may be filed against

Defendant, and to commence all civil actions appropriate in such charges. EEOC and Defendant

agree to the entry of this Decree without findings of fact or conclusions of law being made and

entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of

which is hereby recognized, it is agreed and it is ORDERED, ADJUDGED, and DECREED as

follows:

1.     This Decree resolves all of the issues raised by EEOC's Complaint concerning

Doreen Moore, James Massimino, and Gregory Winfield.

2.     The parties agree that the federal court has jurisdiction to enforce this Decree.

Defendant agrees that it will not contest jurisdiction to enforce this Decree on any grounds,

including subject matter jurisdiction, venue, or failing to meet administrative prerequisites.

EEOC may bring an enforcement suit upon breach of any term of this Decree by Defendant.

Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to

enforce this Decree in the event that Defendant fails to perform any of the respective promises

and representations contained herein. The Court will retain jurisdiction and venue for any and all matters brought to enforce this Decree.

    3.    Defendant is hereby enjoined from discriminating against any employee because of his or her age.

    4.    Defendant is hereby enjoined from retaliating against any employee who opposes unlawful discrimination, including but not limited to against any current or future employee who participated in any way in the filing, investigation, or resolution of this matter at any stage.

    5.    Defendant will pay backpay in the total amount of $300,000 to be divided among the Claimants in EEOC's sole discretion as specified in Exhibit A (filed under seal). These amounts will be paid within 22 business days of the entry of this Decree and will be mailed to Claimants at addresses provided to Defendant by EEOC. Copies of the checks will be emailed to EEOC at the time they are mailed to Claimants.

    6.    Each Claimant shall execute a Release (the forms of which are attached as Exhibit B). The signed Releases must be e-mailed to Defendant's counsel within 5 business days of execution of the Consent Decree.

    7.    Defendant will send all required written reports in this Decree by email to decreemonitor.nydo@eeoc.gov and to sunu.chandy@eeoc.gov.

    8.    Defendant will mail each of the Claimants a W2 tax form specifying the backpay amounts paid pursuant to Exhibit A. Defendant will email copies of the tax forms copies simultaneously to EEOC.

    9.    Within 14 business days of the entry of this Decree, Defendant will mail each Claimant a neutral letter of reference. The form of the letters is attached as Exhibit C.

3

10. Defendant will implement the revised Equal Employment Opportunity Policy, attached as Exhibit D and disseminate the Policy to all current employees of it and Key 2 Health Agency, Inc. within 7 business days of the entry of this Decree. Attachment of the Policies and Procedures to this Decree is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws. The Policy sets forth Defendant's commitment to equal opportunity in all aspects of employment and, sets forth the following; (a) a clear explanation of prohibited conduct; (b) the assurance that employees who make complaints of discrimination or provide information related to such complaints will not be retaliated against; (c) a clearly described complaint process that provides accessible avenues of complaint; (d) a complaint process that provides a prompt, thorough, and impartial investigation; (e) the assurance that Defendant will take appropriate discipline of employees who engage in discriminatory, harassing or retaliatory conduct, and will describe the consequences, up to and including termination, that will be imposed upon any employee, supervisor or manager who is reasonably found to have violated the policies; and, (f) a requirement that supervisors or managers who learn of or see possible incidents or reports of harassment, discrimination or retaliation must immediately report it to Gina Monteforte, Operations Manager, or Diane Pfadenhauer at Employment Practices Advisors, Inc.

11. Defendant will engage an outside entity, Diane Pfadenhauer at Employment Practices Advisors, Inc. to receive, investigate, and respond to individuals complaining of employment discrimination.

12. Defendant will retain an outside entity, Diane Pfadenhauer at Employment Practices Advisors, Inc., to train all employees of Defendant and Key 2 Health Agency, Inc. on all aspects of the Policy and on the requirements of federal non-discrimination law. Defendant

4

will provide a copy of the training materials used in each training session to EEOC within 10 business days prior to the session.  Trainings shall be held as follows:

        A.      Defendant will provide 2 hours of annual training regarding the Policy for all employees. Defendant will complete this training no later than 30 business days after the entry of this Decree, and thereafter annually. Defendant will provide written notice to EEOC that the training sessions have been completed within 7 business days of each session.  This provision does not apply to Philip Teseo, Sr. or Gina Monteforte. Defendant shall email EEOC a signed attendance sheet for each training within 7 business days of each training.

        B.      Defendant will provide 2 additional hours of annual training for all management level employees within 30 calendar days of the entry of this Decree. Management level employees shall be trained on their obligation under the Policy to refrain from, and take active steps to prevent, harassment or other discriminatory conduct. Defendant will provide written notice to EEOC that the training sessions required by this Decree have been completed within 7 calendar days of each training session. Gina Monteforte and Philip Teseo Sr. need not attend the 2014 training for management level employees given the other 2014 training provisions in paragraph 12(D).

        C.      Defendant will provide all new employees, as part of their initial orientation, a copy of the EEO Policy within 3 business days of each person's start-date.

        D.      Within 30 business days of the entry of this Decree, Defendant through Diane Pfadenhauer at Employment Practices Advisors, Inc. will conduct a two hour one-on-one training sessions with Philip Teseo, Sr., and Gina Monteforte, on age discrimination, and other broader federal non-discrimination requirements. Defendant shall email EEOC with confirmation

5

of each training session within 7 business days after each training occurs. Defendant shall email EEOC a signed attendance sheet for each training within 7 business days of each training.

        E.      Additional training of individuals shall be provided as agreed to by the parties within 30 business days of the entry of the Decree. Defendant shall email EEOC a signed attendance sheet for each training within 7 business days of each training.

    13.    Within 3 business days of the entry of this Decree, Defendant shall conspicuously post and maintain a "Notice of Lawsuit and Settlement" regarding this lawsuit attached as Exhibit E where employee notices are posted at Defendant's facilities.  Defendant shall confirm in writing to EEOC within 5 business days of the entry of this Decree that the Notice has been posted and specifically where it has been posted.

    14.    Every 6 months after the entry of this Decree, Defendant will provide a written report to EEOC with information regarding any verbal or written complaints of discrimination from employees or applicants received, resolved or pending during the preceding 6 months. Such reports will include the names of any complainants, the name of the alleged discriminator, a description of the allegations, a list of steps taken by Defendant to investigate, the results of the investigation, and any corrective actions taken by Defendant.  If there were no complaints received, resolved or pending during the preceding 6 month period Defendant shall provide that formal confirmation by email.

    15.    EEOC may monitor Defendant's compliance with this Decree by requesting documents or records reasonably related thereto, which will not be unreasonably withheld or delayed. EEOC may also interview witnesses and inspect Defendant's records or offices to ensure compliance. If EEOC intends to inspect Defendant's compliance through an on-site visit EEOC shall first inform Defendant's attorney of record in writing and provide at least 3

6

business days notice unless EEOC determines that there is imminent threat of harm to the public interest. EEOC agrees that it will make reasonable efforts to schedule such visits in a manner that is not unduly disruptive of Defendant's operations.

16.    In the event that Defendant should cease operations or to exist as a corporate entity during the term of this Decree, Philip Teseo, Sr. and Gina Monteforte will be bound by its terms in all aspects in regard to any corporation or other business entity that they own.

17.    The term of this Decree is 3 years from its entry. The court retains jurisdiction over this action during the duration of this Decree. The matter may be administratively closed but shall not be dismissed during the duration of this Decree.

18.    Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the parties or company on whose behalf each signs.

FOR PLAINTIFF EEOC

Dated: _4/21/14_

_Robert D. Rose /RA_

Robert D. Rose, Acting Regional Attorney

_Raechel Ad___

Raechel Adams, Supervisory Trial Attorney

Sunu P. Chandy, Senior Trial Attorney
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No. 212-336-3706
Email Address: sunu.chandy@eeoc.gov

7

FOR DEFENDANT PJP HEALTH AGENCY,
INC., HEALTH & LIFE DIRECT AGENCY, INC.,
HEALTH & LIFE DIRECT, INC., PHILIP TESEO,
SR., PHILIP TESEO SENIOR INSURANCE

Dated: 4/16/14

Kathryn J. Russo
Jackson Lewis P.C.
58 South Service Rd., Suite 410
Melville, NY 11747
Telephone No. 631.247.4606
Email Address: russok@jacksonlewis.com

Dated: 4/15/14

By: Philip Teseo SR.
    Philip Teseo, Sr., Owner

FOR KEY 2 HEALTH AGENCY, INC.

Dated: 4/16/14

By: Gina Monteforte
    Gina Monteforte, Owner

SO ORDERED, ADJUDGED, AND DECREED,
Signed this 21 day of April, 2014

s/ Sandra J. Feuerstein

HON. SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

4841-3299-8424, v. 1

8

## EXHIBIT A – Filed Under Seal

*NOTE: Exhibit A contains the specific settlement amounts to be paid to each claimant. This exhibit was filed under seal by the agreement of the parties and pursuant to Magistrate Judge Tomlinson's March 20, 2014 Order in this case.*

*4814-6548-6618, v. 1*

**EXHIBIT B-1**

CLAIMANT RELEASE

In consideration for the sum set forth in Exhibit A (filed under seal) paid to me by Defendant in connection with the resolution of *EEOC v. PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr./Philip Teseo Senior Insurance*, I waive my right to recover for any claims of age discrimination and retaliation arising under the Age Discrimination in Employment Act (ADEA) that I had against PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr. And Philip Teseo Senior Insurance prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr./Philip Teseo Senior Insurance.*

Date: _____   Signature: _____

DOREEN MOORE

**EXHIBIT B-2**

CLAIMANT RELEASE

In consideration for the sum set forth in Exhibit A (filed under seal) paid to me by Defendant in connection with the resolution of *EEOC v. PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr./Philip Teseo Senior Insurance*, I waive my right to recover for any claims of age discrimination arising under the Age Discrimination in Employment Act (ADEA) that I had against PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr. And Philip Teseo Senior Insurance prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr./Philip Teseo Senior Insurance.*

Date: _____   Signature: _____

JAMES MASSIMINO

**EXHIBIT B-3**

## CLAIMANT RELEASE

In consideration for the sum set forth in Exhibit A (filed under seal) paid to me by
Defendant in connection with the resolution of *EEOC v. PJP Health Agency, Inc. / Health
& Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr./Philip Teseo Senior
Insurance*, I waive my right to recover for any claims of age discrimination arising under
the Age Discrimination in Employment Act (ADEA) that I had against PJP Health Agency,
Inc. / Health & Life Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr. And
Philip Teseo Senior Insurance prior to the date of this release and that were included in the
claims alleged in EEOC's complaint in *EEOC v. PJP Health Agency, Inc. / Health & Life
Direct Agency, Inc./Health & Life Direct, Inc./ Philip Teseo, Sr./Philip Teseo Senior
Insurance.*

Date: _____   Signature: _____
                                              GREGORY WINFIELD

# PJP Health Agency Inc.

3 Huntington Quadrangle Suite 400 N, Melville, New York 11747

**EXHIBIT C-1**

To Whom It May Concern:

Doreen Moore was employed by PJP Health Agency, Inc. from July 2, 2007 until December 11, 2009.  Her final salary was _____ per year.

To verify this information, you may call Linnea Barrett at (631) 465-8122.

Date: _4/16/14_____     Signature: *Gina Monteforte*
                                         Gina Monteforte
                                         Operations Manager
                                         PJP Health Agency, Inc.

# PJP Health Agency Inc.

3 Huntington Quadrangle Suite 400 N, Melville, New York 11747

**EXHIBIT C-2**

To Whom It May Concern:

James Massimino was employed by PJP Health Agency, Inc. from July 31, 2006 until August 16, 2010. His last job title was Office Manager and his final salary was _____ per year.

To verify this information, you may call Linnea Barrett at (631) 465-8122.

Date: _4/16/14_____          Signature: _Gina Monteforte_
                                                          Gina Monteforte
                                                          Operations Manager
                                                          PJP Health Agency, Inc.

# PJP Health Agency Inc.

3 Huntington Quadrangle Suite 400 N, Melville, New York 11747

**EXHIBIT C-3**

To Whom It May Concern:

Gregory Winfield was employed by PJP Health Agency, Inc. from December 27, 2007 until December 2, 2009, including a brief lay off from February 1-17, 2008.  His final salary was _____ per year.

To verify this information, you may call Linnea Barrett at (631) 465-8122.

Date:  4/16/14                    Signature: *Gina Monteforte*

Gina Monteforte
Operations Manager
PJP Health Agency, Inc.

## EXHIBIT D

## Equal Employment Opportunity/Policy Prohibiting Workplace Harassment:

1.      **Equal Employment Opportunity:**

The Company is committed to a work environment in which all individuals are treated with respect and dignity, free from all forms of unlawful discrimination. It is the policy of the Company to ensure equal employment opportunity for all persons without discrimination on the basis of race, color, religion, national origin, age, sex, disability, veteran status, marital status, genetic information, sexual orientation and gender identity or any other basis prohibited under federal, state or local law. The policy of equal employment opportunity applies to all employment practices including, but not limited to, recruiting, hiring, promotion, training, discipline and compensation.

2.      **Prohibition of Workplace Harassment & Discrimination:**

Harassment, or discrimination based on any basis prohibited by law including but not limited to an employee's race, color, religion, national origin, age or marital, veteran or disability status, genetic information, sexual orientation and gender identity, violates the law, has no place in the work environment and is strictly prohibited. It is Company policy that every employee has the right to work free of harassment or discrimination or otherwise. This policy prohibits harassment and discrimination of employees, applicants or guests by owners, Officers, Managers, supervisors or non-supervisory employees. Harassment or discrimination of employees or applicants by outsiders, including clients, suppliers and their employees who may have business with the Company is also prohibited and depending on the Company's degree of control over such persons the Company may take action consistent with this Policy.

a)      **Sexual Harassment Prohibited:**

The following conduct represents some examples of sexual harassment and shall not be tolerated:

Any (a) unwelcome sexual advances, (b) request for sexual favors, or (c) other verbal comments, gestures or physical actions of a sexual or otherwise offensive nature, under any of the following circumstances:

(1)      Coercing an individual to submit to such conduct as a term or condition of employment. This would include, but not be limited to, explicit or implicit promises, in return for sexual favors, of employment, career advancement or improvement in terms, conditions or benefits of employment (e.g., evaluations, promotion, transfer, training, awards, compensation, assigned duties, etc.).

(2)      Using an individual employee's submission to or rejection of such conduct as the basis for an employment-related decision. This would include, but not be limited to, explicit or implicit threats that the employee's career or any terms, conditions or benefits of employment will be adversely affected if sexual advances or requests for sexual favors are rejected (e.g., non-

promotion or transfer, reassignment to a less desirable position/location/work schedule, etc.).

(3)     Unreasonably interfering with an individual employee's work performance or creating an intimidating, hostile, or offensive working environment, whether intentionally or not. Offensive conduct covered by this last category would include, but not be limited to, deliberately provocative behavior, unwelcome sexual flirtations, advances or propositions, abusive language or gestures, overtures or statements of a sexual nature, unnecessary touching (e.g., patting, pinching, hugging, brushing up against another employee's body), graphic or verbal commentaries about an employee's body, sexually suggestive or explicit jokes, a display in the workplace of sexually suggestive objects or pictures (e.g., calendars, posters), the use of sexually degrading comments, or offensive nonverbal behavior (e.g., leering or staring).

This non harassment and non discrimination policy refers not only to <u>physical</u> conduct, but also to <u>verbal</u> requests, demands, discussions or comments, whether they are face to face, in writing, on the telephone, or through electronic means such as email, FaceBook or other on-line or social media. This policy applies equally to men and women, to same and opposite sex relationships, to supervisor-subordinate relationships, and to peer relationships.

b)     **Complaints:**

Any employee who finds another person's behavior to be offensive and who is comfortable doing so may directly inform such other person that the conduct is offensive and that it must stop. In any event, employees also are encouraged to use this complaint procedure either initially or in the event the offending conduct does not stop.

Any employee who believes that he or she has been harassed or discriminated against in violation of this policy by any supervisor, manager, other employee, or any other person in connection with employment with the Company, should follow the procedures outlined below without fear of retaliation and, to the maximum extent possible, with an assurance of confidentiality and discretion consistent with our ability to conduct an investigation of the complaint.

The Company will take corrective action if appropriate. Violators of this policy will be subject to disciplinary action up to and including termination of employment.

c)     **Procedure:**

(1)     An employee who believes that he or she has been subject to discrimination or harassment (sexual or otherwise) should report the incident promptly to the employee's supervisor or Department Manager. If that is uncomfortable for the employee, the employee may contact Gina Monteforte, Operations Manager, telephone (631) 465-8140; or, Diane Pfadenhauer at Employment Practices Advisors, Inc., telephone (631) 368-1031, e-mail: key2health@theemployeehotline.com.

(2)     Immediate reporting by employees of any instance of discrimination or harassment will enable the Company to investigate and resolve any problem promptly and effectively.     All reported allegations of discrimination or harassment will be investigated. The investigation may include individual interviews with the people involved and, where necessary, with individuals who may have observed the alleged conduct or may have relevant information.  Under no circumstances shall the person responsible for the alleged violation participate in conducting the investigation.  The question of whether a particular action or incident is prohibited requires a determination based on all of the facts available in the matter.

(3)     Upon completion of the investigation, the matter will be reviewed with appropriate senior management of the Company and a decision will be made regarding appropriate discipline, if any, for the responsible individual and, if appropriate, redress for the aggrieved employee. It is the Company's goal to reach the decision as promptly as possible.   The Operations Manager is Gina Monteforte who can be reached at (631) 465-8140.

(4)     Once a decision or decisions have been made in accordance with paragraph (3) above, they shall be communicated to the aggrieved employee and the responsible individual.

d)     **Confidentiality:**

Confidentiality will be maintained throughout the investigatory process to the extent practical and appropriate and consistent with the Company's ability to conduct a responsible investigation.   All records and data assembled in connection with the investigation of the complaint shall be kept separate and apart from the relevant individuals' personnel files.  Any record of disciplinary action resulting from a complaint of discrimination or harassment shall be included in the personnel file of the disciplined employee.  In addition, in order to minimize needless rumors and other adverse consequences, any employee bringing a complaint, or assisting in the investigation of a complaint, should use his or her best efforts to keep the complaint and investigation process strictly confidential, except to the extent necessary to pursue the complaint.

e)     **Protection Against Retaliation:**

Retaliation against an individual for reporting discrimination or harassment, or assisting in providing information relevant to a claim of discrimination or harassment, is a serious violation of this policy and will be treated with the same strict discipline as would the discrimination or harassment itself.  Acts of retaliation should be reported immediately and will be promptly investigated.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
(212) 336-3721
TTY (212) 336-3622

**Exhibit E**

## NOTICE TO EMPLOYEES OF EEOC LAWSUIT AND SETTLEMENT

This Notice is being posted pursuant to a Consent Decree entered in a negotiated resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against PJP Health Agency, Inc. / Health & Life Direct Agency, Inc./ Health & Life Direct, Inc./ Philip Teseo, Sr./ Philip Teseo Senior Insurance ("PJP Health") in July 2013 in federal court in the Eastern District of New York. In its lawsuit, EEOC alleged that PJP Health discriminated against employees because of their age and retaliated against an employee by terminating her after she brought a complaint of age discrimination. Pursuant to the Consent Decree, PJP Health will take measures including:

(1) pay monetary damages to the claimants;
(2) not discriminate against any employee or applicant on the basis of age or retaliate against any employee who opposes unlawful discrimination or who participated in any way in this matter;
(3) implement a revised Equal Employment Opportunity Policy and distribute this Policy to all employees;
(4) provide annual training to all owners, supervisors, managers and employees regarding their rights and responsibilities with respect to issues of workplace discrimination; and
(5) provide reports to EEOC concerning discrimination complaints and resolutions.

Federal Law prohibits discrimination in employment based upon an individual's race, color, religion, sex, including sexual harassment, national origin, age (40 years and over), genetic information and disability with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal Law also prohibits retaliation against any employee or job applicant by an employer who has complained of discrimination, opposed discrimination, filed a charge of discrimination or who gives testimony or assistance concerning the investigation or litigation of a charge of discrimination. Should you have any complaints of discrimination, including age discrimination or retaliation, you may contact:

U.S. Equal Employment Opportunity Commission (EEOC)
Phone Number: 1-800-669-4000 / Website: www.eeoc.gov

## THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED BY ANYONE

This notice must remain posted for 3 years from date of posting, until _____, 2017.

FOR PJP HEALTH AGENCY, INC., HEALTH & LIFE DIRECT AGENCY, INC.,
HEALTH & LIFE DIRECT, INC., PHILIP TESEO, SR., PHILIP TESEO SENIOR INSURANCE

By: _____ Date: 4/18/14
     Philip Teseo, Sr., Owner

FOR KEY 2 HEALTH AGENCY, INC.

By: _____ Date: 4/18/14
     Gina Monteforte, Owner